**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **LUIS M. FELIX VELASQUEZ,** | : | **CIVIL ACTION NO. 4:04-2348** |
| **Petitioner** | : | |
| v. | : | **(JONES, D.J.)** |
| | : | **(MANNION, M.J.)** |
| **JAMES GRACE,** | | |
| **SUPERINTENDENT, et. al.** | : | |
| **Respondents** | : | |

## MEMORANDUM AND ORDER

Presently pending before the court is petitioner's request for appointment of counsel in this habeas corpus action, relative to an evidentiary hearing scheduled for October 13, 2005. (Doc. No. 18).

A brief background of this matter is necessary for the resolution of this request. In the petition for writ of habeas corpus Velasquez challenges his criminal conviction and sentencing in the Lebanon County Court of Common Pleas. He claims ineffective assistance of counsel for failure to file a direct appeal and a Post Conviction Relief Act petition ("PCRA"). Upon preliminary review of the petition, the undersigned recommended that the petition be dismissed for failure to exhaust state court remedies, and because the petition was time-barred pursuant to provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). (Doc. No. 3). The petitioner filed objections to the Report and Recommendation. The district court remanded with instructions that the record needed to be further developed in order to

determine whether cause and prejudice existed so as to excuse the petitioner's failure to file either a direct appeal or a PCRA petition within the time-frames set forth in the applicable statutes.  Specifically, the district court stated that additional information was necessary to determine what happened between the petitioner and his appointed counsel during the period following his sentencing on January 22, 2003, through April 22, 2004, the date counsel sent the petitioner a letter in which he stated that an appeal or PCRA petition was not feasible.

Pursuant to the district court's direction the undersigned scheduled an evidentiary hearing by Order dated September 27, 2005. (Doc. No. 15).  On October 5, 2005, this court received a "MEMO" from the petitioner, which the court has construed as a motion for appointment of counsel.  The petitioner asks that counsel be appointed to represent him because "I am not capable of representing myself at the evidentiary hearing." (Doc. No. 18). For the following reasons, the request for appointment of counsel is denied.

A petitioner does not have a Sixth Amendment right to counsel in a habeas corpus proceeding. Pennsylvania v. Finley, 481 U.S. 551, 555 (1987). Our Third Circuit Court of Appeals has stated, "[t]here is no 'automatic' constitutional right to counsel in a federal habeas corpus proceeding." Reese v. Fulcomer, 946 F.2d 247, 263 (3d Cir. 1991).  *Accord* Johnson v. Kearney,

2004 WL 2898065 * 4 (D. Del.).  Furthermore, pursuant to the controlling habeas corpus statute, the court is only obligated to appoint counsel in a habeas corpus proceeding "if an evidentiary hearing is required . . ." and the court finds that the applicant qualifies for the appointment of counsel under 18 U.S.C. § 3006A(g)(emphasis added).  See 28 U.S.C. foll. § 2254, Rule 8(c). Any person seeking habeas relief may be granted counsel, "whenever the United States magistrate judge or the court determines that the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B)(2002).

In considering a motion for appointment of counsel under the § 3006A "interests of justice" standard, the court may consider several factors in determining whether to appoint counsel.  Factors influencing a court's decision include the complexity of the factual and legal issues in the case, as well as the *pro se* petitioner's ability to investigate facts and present claims. Reese v. Fulcomer, 946 F. 2d at 247 (citing Battle v. Armontrout, 902 F.2d 701, 702 (8th Cir. 1990)).  *See also* La Mere v. Risley, 827 F. 2d 622, 626 (9th Cir. 1987)(no abuse of discretion for failing to appoint counsel where the petitioner had a good understanding of the issues and the ability to forcefully and coherently present his contentions).

Also instructive, but not dispositive, is a non-exhaustive list of factors that may be considered by a district court in deciding whether to appoint counsel for an indigent litigant under 28 U.S.C. § 1915(d), as set forth by the

3

Third Circuit in Tabron v. Grace, 6 F.3d 147 (3d Cir. 1993), cert. denied, 510 U.S. 1196, 114 S.Ct. 1306, 127 L.Ed. 2d 657 (1994).  They include: (1) the merits of the plaintiff's claim; (2) the plaintiff's ability to present his or her case considering the plaintiff's education, literacy, experience and the restraints placed on the plaintiff by incarceration; (3) the complexity of the legal issues; (4) the degree to which factual investigation is required and the plaintiff's ability to pursue such investigation; and (5) the degree to which the case turns on credibility determinations or expert testimony.  Tabron, 6 F.3d at 155-156.

A review of the record of this case to date demonstrates quite clearly that the petitioner has "a good understanding of the issues and the ability to forcefully and coherently present his contentions" without the assistance of an attorney.  His pleadings thus far have not only been understood, he has succeeded in convincing the district court of the necessity for the evidentiary hearing at issue.  Especially in light of the leeway afforded to *pro se* litigants, the petitioner can adequately present his case for the purposes of this very limited and circumscribed evidentiary hearing. Furthermore, the issue to be determined at the hearing is not complex.

The purpose of the hearing is to determine whether the claim may be considered by this court at all. The petitioner was advised in the Order of September 23, 2005, that the purpose of the hearing is to determine "whether appointed counsel's representations to the petitioner, or lack thereof,

constitute reason to believe that the petitioner 'has in some extraordinary way been prevented from asserting his rights,' thus warranting waiver of the exhaustion requirements, and equitable tolling of the statute of limitations in this case."(Doc. No. 9, p. 9). That determination will turn largely upon what transpired between the petitioner and counsel, during the period following his sentencing on January 22, 2003, through April 22, 2004, the date counsel sent the petitioner the letter in which he stated that an appeal or PCRA petition was not feasible.  We believe that the petitioner is capable of questioning counsel in order to obtain this information. As such, the interests of justice do not require the appointment of counsel in this case.

**NOW, THEREFORE, IT IS ORDERED THAT** the petitioner's motion for appointment of counsel (Doc. No. 18) is **DENIED.**

s/ Malachy E. Mannion
**MALACHY E. MANNION**
**United States Magistrate Judge**

Dated: October 13, 2005

O:\shared\Memoranda\04-2348.wpd