IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LUIS M. FELIX VELAZQUEZ, | : | No.  4:CV 04-2348 |
| | : | |
| Petitioner, | : | (Judge Jones) |
| | : | |
| v. | : | (Magistrate Judge Mannion) |
| | : | |
| JAMES GRACE, ET AL., | : | |
| | : | |
| Respondents. | : | |

**MEMORANDUM AND ORDER**

January 11, 2006

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

Petitioner, Luis M. Felix Velazquez ("Velazquez" or "Petitioner"), a state prisoner incarcerated at the State Correctional Institution at Huntingdon, in Huntingdon, Pennsylvania, initiated this pro se action by filing a Petition for Writ of Habeas Corpus ("the Petition") pursuant to 28 U.S.C. § 2254 on October 26, 2004. ( Rec. Doc. 1).  Petitioner, who was sentenced to a term of incarceration 13.5 to 27 years for aggravated indecent assault, indecent exposure, corruption of minors, and endangering the welfare of children, is challenging his conviction and sentencing following a jury trial in the Lebanon County Court of Common Pleas.

The instant Report and Recommendation (doc. 21) was issued by Magistrate

Judge Mannion on November 16, 2005.  The Report and Recommendation (doc. 21) recommends that the Petition be denied because Petitioner was not denied effective assistance of counsel.  Objections to the Magistrage Judge's Report and Recommendation were due on December 25, 2005.  Petitioner filed objections to on December 22, 2005. (Rec. Doc. 24).  Therefore, this matter is ripe for our review and disposition.

**STANDARD OF REVIEW:**

When objections are filed to a report of a magistrate judge, we make a *de novo* determination of those portions of the report or specified proposed findings or recommendations made by the magistrate judge to which there are objections.  See United States v. Raddatz, 447 U.S. 667 (1980); see also 28 U.S.C. §636(b)(1); Local Rule 72.3l.  Furthermore, district judges have wide discretion as to how they treat recommendations of a magistrate judge.  See id.  Indeed, in providing for a *de novo* review determination rather than a *de novo* hearing, Congress intended to permit whatever reliance a district judge, in the exercise of sound discretion, chooses to place on a magistrate judge's proposed findings and recommendations. See id., see also Mathews v. Weber, 423 U.S. 261, 275 (1976); Goney v. Clark, 749 F.2d 5, 7 (3d Cir. 1984).

**FACTUAL  BACKGROUND AND PROCEDURAL HISTORY:**

As noted, on October 9, 2002, Petitioner was convicted on charges of

Aggravated Indecent Assault, Indecent Exposure, Corruption of Minors and

Endangering the Welfare of Children following a jury trial in the Lebanon County

Court of Common Pleas.  The conviction resulted from charges brought against the

Petitioner alleging that he had sexually molested his live-in girlfriend's eleven-year

old niece during the night of a stay-over which preceded a family party the

following day.  The child victim testified at length at the trial as to what happened

to her on the night in questions.  She stated that the Petitioner came into her room,

on three occasions during the night, sexually fondled her and exposed himself to

her.

In his Petition, Velazquez maintains that on the date he was convicted, he

was appointed new counsel, John R. Kelsey, III, Esq. ("Substitute Counsel

Kelsey") who then represented him both when he was sentenced on January 22,

2003, and during the relevant period thereafter when any appeal was due.

Petitioner contends that Substitute Counsel Kelsey failed to file either a direct

appeal or a petition under the Post Conviction Relief Act ("PCRA") 42 Pa.C.S. §§

9541-9546 on his behalf after his sentencing.

The Petitioner also claimed that trial counsel was ineffective for failing to

call his parole officer as a character witness and for failing to pursue a line of

questioning with certain witnesses the Petitioner believed would have established

his innocence.  In particular, Petitioner believed his parole officer should have been

called to testify as a character witness to establish that the Petition had been in

compliance with parole conditions for many years following his prior conviction.

Petitioner also believed that trial counsel had erred by failing to ask questions of

his live-in girlfriend, Bonnie Kafafy, regarding the chronology of events which

occurred on the night the crime took place.   Finally, Petitioner believed trial

counsel was ineffective or failing to question the victim's mother in order to

establish that the victim was at home on the night of the assault.

On April 22, 2004 Substitute Counsel Kelsey wrote a letter to Petitioner

outlining the reasons why Petitioner would not be entitled to a new trial based on

Petitioner's allegations of the ineffectiveness of his trial counsel.  We note that the

Petitioner was sentenced on January 22, 2003, therefore this aforementioned letter

from Substitute Counsel Kelsey to Petitioner was written beyond the applicable

limitations periods for either an appeal or PCRA petition.

This case was referred to Magistrate Judge Malachy Mannion for

preliminary review.  On December 15, 2004, Magistrate Judge Mannion issued a

Report and Recommendation within which he recommended that the Petition be

dismissed for failure to exhaust state remedies and a failure to file within the one-

year statutory time limit provided for in Antiterrorism and Effective Death Penalty

Act of 1996 ("AEDPA").  (Rec. Doc. 3).   On February 10, 2005, we issued an

Order (doc. 7) declining to adopt Magistrate Judge Mannion's Report and

Recommendation and remanding the case with instructions that the Petition should

be served upon the Respondents, and that the record be further developed in order

to determine whether the statute of limitations should be tolled   under the

equitable tolling provisions of the AEDPA.

A hearing was held on October 13, 2005.  Both the Petitioner and Substitute

Counsel Kelsey testified, and documentary evidence was received into the record,

including the trial transcript.  Substitute Counsel Kelsey stated that although he

was remiss in corresponding with the Petitioner, he did meet with Petitioner on

several occasions in the prison, during which time they discussed Petitioner's

desire to file a direct appeal and a PCRA petition.  Substitute Counsel Kelsey

explained to Petitioner that he had met with the witnesses that the Petitioner felt

could have been questioned more fully at trial to establish his innocence, but that

Substitute Counsel Kelsey found that neither witness offered any new information

that could be of any benefit to the Petitioner.  Further, Substitute Counsel Kelsey

told Petitioner that he did not believe there was any basis for either an appeal or a

PCRA petition.  Also at this hearing Substitute Counsel Kelsey conceded that he

was remiss in failing to inform the Petitioner, within the applicable time frames,

that he did not intend to file either an appeal or a PCRA petition.

Magistrate Judge Mannion determines in the instant Report and

Recommendation (doc. 21) that, under the circumstances of this case, the interests

of justice require that the failure to exhaust state court remedies should be excused,

the AEDPA statute of limitations should be tolled, and that the Court should

undertake a substantive analysis of the ineffective assistance of counsel claims.

## **DISCUSSION:**

In the Petition, Petitioner argues that he received ineffective assistance of

counsel because counsel failed to file either a direct appeal or a PCRA petition.

Magistrate Judge Mannion aptly notes that subsumed into this claim is Petitioner's

complaint that trial counsel was also ineffective.

In order to prevail on a claim of ineffective assistance of counsel, the

Petitioner must meet a two-prong test:

> First, the defendant must show that counsel's performance was
> deficient.  This requires a showing that counsel made errors so
> serious that counsel was not functioning as the "counsel"
> guaranteed by the Sixth Amendment.  Second, the defendant
> must show that the deficient performance prejudiced the
> defense.  This requires showing that counsel's errors were so
> serious as to deprive the defendant of a fair trial whose result is
> reliable.

Strickland v. Washington, 466 U.S. 668 (1984).  Petitioner must show that "there

is reasonable probability, but for counsel's unprofessional errors, the result of the

proceeding would have been different.  A reasonable probability is a probability

sufficient to undermine confidence in the outcome.  Strickland, 466 U.S. at 687.

The reasonable probability that the result would have been different must be

proved by "clear and convincing evidence."  "Clear and convincing evidence is 'so

clear, direct, weighty and convincing as to enable the jury to come to a clear

conviction, without hesitancy, of the truth of the precise facts in issue.' "  Schwartz

v. Colleran, et al. 2005 WL 1993647 (E.D. Pa. 2005)(citing United States v. Fire

Ins. Co. v. Royal Ins. Co., 759 F.2d 306, 309 (3d. Cir. 1989)).  In evaluating

counsel's performance, the court should be "highly deferential" and should

"indulge a strong presumption" that counsel's actions might be considered sound

strategy.  Duehl v. Vaughn, 166 F. 3d 163, 169 (3d Cir. 1999).

It is apparent from a review of the record before this Court, including

Petitioner's timely filed objections(doc. 24)  to the Report and Recommendation,

that Petitioner believes that he would not have been convicted if trial counsel had

called his parole officer as a witness, and if trial counsel had pursued a certain line

of questioning of witnesses Bonnie Kafafy and Tammy Aungst.  The Petitioner

believes that if these matters had been reviewed, either on direct appeal or by way

of PCRA petition, that his conviction would be overturned, or at the very least, he

would have been granted a new trial.

Magistrate Judge Mannion finds that Substitute Counsel Kelsey's performance was deficient under the Strickland standard, because he failed to explain to Petitioner why he neither filed a PCRA petition or a direct appeal on Petitioner's behalf.  However, Magistrate Judge Mannion did not find that Substitute Counsel Kelsey's deficient performance prejudiced the Petitioner in any substantial manner warranting relief.

We agree that Substitute Counsel Kelsey's deficient performance did not prejudice Petitioner.  Substitute Counsel Kelsey testified that he did not file a direct appeal because it was his professional opinion that Petitioner's claims had no merit.  As noted by Magistrate Judge Mannion, "the law presumes counsel's effectiveness, and counsel will not be deemed ineffective for failure to raise baseless claims."  (Rec. Doc. 21 at 15).

Furthermore, with respect to Substitute Counsel Kelsey's failure to file a PCRA petition on Petitioner's behalf, as aptly noted by Magistrate Judge Mannion, "there is no constitutional right to counsel for a collateral attack on a conviction." See Fithian v. Shannon, et. al., 2002 WL 1636004 *2 (E.D. Pa. 2002)(citing Lines v. Larkins, 208 F. 3d 153, 165 (3d Cir. 2000)); (Rec. Doc. 21 at 15).  "[A] claim of ineffective assistance of PCRA counsel is not cognizable in a federal habeas corpus

petition because the right to effective assistance of PCRA counsel . . . is not mandated by the Constitution . . ." Holman v. Gillis, 58 F. Supp. 2d 587, 597 (E.D. Pa. 1999)(emphasis added).

Moreover, Magistrate Judge Mannion finds that trial counsel's performance was not deficient.  We agree with the Magistrate Judge's finding that trial counsel's performance was not deficient in the three aspects alleged by Petitioner because:  1) trial counsel's decision not to call the Petitioner's probation officer was sound trial strategy, because it was probable that by calling this witness, the Petitioner would have exposed his prior criminal record; 2) trial counsel's decision not to more thoroughly question Petitioner's live-in girlfriend, Bonnie Kafafy, was sound, because having Kafafy testify that Petitioner was up every half hour on the evening in question to check a cooking ham would have signaled the jury to the fact that Petitioner was awake and about the house on the night of the assault; and 3) trial counsel's decision not to question the victim's mother about the apparent conflict over the actual date the incident occurred did not injure Petitioner's defense because she did testify that the victim stayed overnight at Petitioner's home on one occasion during the time period in question.

In conclusion, we are inclined to agree with Magistrate Judge Mannion's recommendation to dismiss the Petition.  It is apparent to us from the record that

although the Petitioner disagrees with trial counsel's strategic choices, his

performance in that regard was not deficient.  With that said, we find entirely

problematic Substitute Counsel Kelsey's failure to timely file a protective appeal

or secure some direct input from Petitioner prior to the deadline.  To do so was

unprofessional under the circumstances and now tasks us to apply greater scrutiny

as it relates to this allegation.

If a favorable habeas corpus determination could be made solely based upon

a missed filing deadline, our inquiry would end, as it is clear that an appeal was not

timely filed on Petitioner's behalf.  However, the law tasks us to look past the

obvious failure to file an appeal and examine the trial record to determine whether,

had Substitute Counsel Kelsey filed an appeal, there would be any arguable merit

to that appeal.  Substitute Counsel Kelsey testified that he did not believe Petitioner

had any grounds for an appeal, and on that basis refused to bring a baseless appeal

before the courts.  Despite our obvious concern about the lack of communication

between Substitute Counsel Kelsey and Petitioner and the failure to file even a

protective appeal, we agree from a reading of the trial transcript that Petitioner was

not prejudiced by the Counsel's failure to file a direct appeal.  It is evident to us, as

detailed by the Magistrate Judge, that any such appeal would have lacked merit.

The victim testified extensively at trial, and it is well established that the

uncorroborated testimony of a sexual assault victim, if believed by a jury, is

sufficient to support a conviction.  See Commonwealth v. Westcott, 362 Pa. Super.

176 (1986); See also Commonwealth v. Poindexter, 435 Pa. Super. 509 (1994).


Therefore, for the foregoing reasons, we will adopt Magistrate Judge

Mannion's Report and Recommendation (doc. 21) in its entirety.

**NOW, THEREFORE, IT IS ORDERED THAT:**

1.      The Report and Recommendation (doc. 5) issued on November 16,

        2005 by Magistrate Judge Mannion is adopted in its entirety for the

        reasons cited herein.

2.      The Petition (doc. 1) is DENIED.

3.      The Clerk is directed to close the file on this case.



                           s/ John E. Jones III
                           John E. Jones III
                           United States District Judge